# SACK LAW FIRM
PLLC

2975 Westchester Avenue
Suite 415
Purchase, NY 10577
Tel. (914) 701-0806
Fax (914) 701-0808
www.sacklawfirm.com

WRITER'S DIRECT E-MAIL:
jsack@sacklawfirm.com

WALL STREET OFFICE:
40 Exchange Place
Suite 1800
New York, NY 10007
(212) 514-5166

May 5, 2010

By Fax Only (914-390-4278)
Hon. Cathy Seibel
United States District Court, S.D.N.Y.
300 Quarropas Street
White Plains, NY 10601

Re: George L. Rioseco, et al v. GAMCO Asset Management, Inc.
No. 09 civ. 9396 (CS)

Dear Judge Seibel:

    I write to make a perhaps minor but very important clarification in regard to a reference which plaintiffs' counsel has now made for the second time in three days in correspondence to the Court.

    In his May 3rd letter, plaintiffs' counsel writes: "Following several discussions with GAMCO's counsel, there is a considerable question concerning the Court's subject matter jurisdiction over this matter." In his May 5th letter of earlier today, plaintiff's counsel writes: "No one – GAMCO included – wants to proceed with litigation where there is a possibility that the Court lacks subject matter jurisdiction."

    For the record, please note that I have never actually discussed the issue of subject matter jurisdiction with plaintiffs' counsel. I have, in connection with discussions over my dismay that he added new class claims just a few weeks ago, reminded him of certain factual matters which have been known for some time as a result of the recently concluded arbitration. Consequently, plaintiffs' counsel has apparently now decided that he cannot make out his IAA claim. However, this epiphany, aside from being just a little late in coming, is also disingenuous, since the same factual issues that would defeat the IAA claim would also serve to defeat the remaining claims. It is evident that, as a result my own recent letter to the Court outlining the reasons for our motion to dismiss based on res judicata and collateral estoppel grounds, forum shopping is at play here. This is a primary reason for why the Court should retain supplemental jurisdiction and decide defendants' motion.

Respectfully submitted,

*Joseph A. Sack*

Joseph A. Sack

Cc: <u>By Fax Only</u>
Peter D. St. Phillip, Jr., Esq.
Charles J. Moxley, Jr., Esq.